UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARYL GILBERT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-04847-TWP-DLP |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

### ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS

This matter is before the Court on Petitioner Daryl Gilbert's ("Gilbert") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 2.) Gilbert was convicted of murder and unlawful possession of a firearm by a serious violent felon in 2014 in an Indiana state court. He argues that his retrial violated the Double Jeopardy Clause of the Fifth Amendment, that his trial counsel was ineffective in several respects, and that he was prejudiced by these cumulative errors. For the reasons explained below, Gilbert's Petition for a writ of habeas corpus is **denied** and a certificate of appealability will not issue.

### I. BACKGROUND

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). The Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> Sometime in August 2012, Harris, together with [Gilbert] and a third individual, purchased drugs from Darrell Newbern ("Newbern") and [Adams]. Newbern and Adams lived in separate residences at the corner of Michigan Street and Sherman Avenue in Indianapolis.
>
> About one week later, on August 26, 2012, individuals later identified as Harris and Gilbert hired a bootleg taxi that took them to a Valero gas station across the street

from Newbern's and Adams's residences. Newbern had moved from the home two days before, and his housemates, Jonathan Weathers ("Weathers") and Shanna Pigg ("Pigg") were in the process of moving their own belongings from the home when Harris and Gilbert arrived. A number of other individuals were gathered on the porch of the home, including several children. Adams was also seated on the porch. Gilbert, standing on the side of the street adjacent to the gas station with a pistol in his right hand, started yelling at the group, demanding to see Newbern and insisting that Newbern had sold him some "bullsh-t dope." (Tr. at 144.) Weathers told Gilbert that Newbern had moved away and no longer lived at the residence. He also told Gilbert not to shoot at the porch of the home because there were children present.

Adams, still sitting on the porch, told one of the women to take the children inside. He then got up and began to walk toward the street with a cell phone in his left hand and his right hand in his pocket. Gilbert recognized Adams as having been involved in the drug transaction, saying "you look like the n——a that sold me that bad dope," raised his pistol, and began to fire at Adams. (Tr. at 191-92.) At that time, Harris, who was also present, began to fire his own gun at Adams. Adams ran to evade Harris and Gilbert, but was eventually shot twice: once in the head, and once in the buttocks. Adams, who was known to carry a small pistol in his front right pocket, was found with a pistol near his right hand and a cell phone near his left hand. Adams died as a result of the gunshot wound to his head.

Immediately after this, Harris and Gilbert fled on foot, then called for a ride. Police investigating the shooting interviewed several witnesses and, as a result of identifications from photographic arrays, arrested Harris and Gilbert.

*Gilbert v. State ("Gilbert II")*, 2019 WL 3281186, *1-2 (July 22, 2019) (quoting *Harris v. State*,

No. 49A04-1401-CR-45, slip. Op. at 2-3 (Ind. Ct. App. Aug. 25, 2014).[1]

On direct appeal, the Indiana Court of Appeals recited the following procedural history:

The State charged Gilbert with murder and possession of a firearm by a serious violent felon in connection with the shooting death of [Adams]. The case was bifurcated. The murder charge was tried to a jury, and Gilbert was tried with his co-defendant, [Harris]. The jury deadlocked, so Gilbert and the State both moved for a mistrial. The trial court granted the motion and subsequently scheduled a second jury trial. [. . . .]

The second trial began on December 9, 2013. Gilbert and Harris were once again tried jointly. [. . . .] The jury determined that Gilbert was guilty of murder. Next, the possession charge was tried to the bench, and the court determined that Gilbert was guilty. The court sentenced Gilbert accordingly, and this appeal followed.

---

[1] Available in the record at Dkt. 8-11.

*Id.* (quoting *Gilbert v. State*) (*"Gilbert I"* at Dkt. 8-5), 2014 WL 4251053, *1 (Ind. Ct. App. Aug. 28, 2014)).

In his direct appeal Gilbert raised a state constitutional claim of double jeopardy. The Indiana Court of Appeals held that Gilbert had waived his double jeopardy claim because he had joined the motion for mistrial rather than objected to it and he had not shown that the mistrial was necessitated by the State's conduct. *Gilbert I* at *1-2. He did not file a timely petition to transfer to the Indiana Supreme Court. (Dkt. 8-2 at 3.)

Gilbert filed a petition for post-conviction relief in state court alleging ineffective assistance of trial counsel. The post-conviction court denied the petition and the Indiana Court of Appeals affirmed. The Indiana Supreme Court denied transfer. Gilbert filed the instant Petition for a writ of habeas corpus on December 9, 2019. The Respondent filed a return to the order to show cause. Gilbert did not reply and the time to do so has passed. The Petition is now ripe for review.

## II.   APPLICABLE LAW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") directs how the court must consider petitions for habeas relief under § 2254. "In considering habeas corpus petitions challenging state court convictions, [the Court's] review is governed (and greatly limited) by AEDPA." *Dassey v. Dittmann*, 877 F.3d 297, 301 (7th Cir. 2017) (en banc) (citation and quotation marks omitted). The standards in 28 U.S.C. § 2254(d) were designed to prevent federal habeas retrials and to ensure that state-court convictions are given effect to the extent possible under law. A federal habeas court cannot grant relief unless the state court's adjudication of a federal claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"The decision federal courts look to is the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *Dassey*, 877 F.3d at 302.

> Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims, and to give appropriate deference to that decision[.]

*Wilson v. Sellers*, 138 S. Ct. 1188, 1191-92 (2018) (citation and quotation marks omitted). "This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion." *Id.* "In that case, a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.*

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. "The issue is not whether federal judges agree with the state court decision or even whether the state court decision was correct. The issue is whether the decision was unreasonably wrong under an objective standard." *Dassey*, 877 F.3d at 302. "Put another way, [the Court] ask[s] whether the state court decision 'was so

4

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Richter*, 562 U.S. at 103). "The bounds of a reasonable application depend on the nature of the relevant rule. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) (en banc) (citation and quotation marks omitted).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F. 3d 258, 268 (7th Cir. 2014). Or a claim may be procedurally defaulted if the most recent reasoned state court decision to address the claim rejects it based on "'a state law ground that is both independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)).

### III. DISCUSSION

Gilbert contends that his retrial violated the Double Jeopardy Clause of the Fifth Amendment, and his trial counsel was ineffective in several respects, and that he was prejudiced by these cumulative errors. The Court will address each contention in turn.

**A.     Double Jeopardy**

Gilbert argues that his retrial violated the Double Jeopardy Clause of the Fifth Amendment. The Respondent argues that Gilbert procedurally defaulted this claim because he did not raise a federal double jeopardy claim in state court. Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992). Procedural default can also occur if the state court rejects a federal claim based

on a state procedural rule "that is both independent of the federal question and adequate to support the judgment." *Clemons v. Pfister*, 845 F.3d 816, 819 (7th Cir. 2017) (internal citations omitted). Gilbert's claim is procedurally defaulted on both accounts.

First, he did not raise a federal double jeopardy argument to the Indiana Supreme Court (Dkt. 8-2; Dkt. 8-12.) He did argue that retrial violated the Indiana Constitution, but only to the Indiana Court of Appeals. He does not acknowledge his procedural default or offer a reason to excuse it. *See Brown v. Brown*, 847 F.3d 502, 509 (7th Cir. 2017).

Second, the Indiana Court of Appeals held that Gilbert had waived his state constitutional double jeopardy claim. Waiver is an adequate and independent state law ground barring review by this Court. *See Ward v. State*, 969 N.E.2d 46, 51 (Ind. 2012) ("Issues available on direct appeal but not raised are waived."); *Richardson*, 745 F. 3d at 271 (waiver is adequate and independent state law ground).

Finally, even if Gilbert had not procedurally defaulted this claim, it would not entitle him to relief because a mistrial for a deadlocked jury does not bar retrial. *See Renico v. Lett*, 559 U.S. 766, 773–74 (2010).

**B.**     **Ineffective Assistance of Counsel**

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). When reviewing the denial of Gilbert's ineffective assistance of counsel claim, the Indiana Court of Appeals correctly stated the *Strickland* standard:

> To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. Deficient performance is that which falls below an objective standard of reasonableness. Prejudice exists when a claimant demonstrates "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

6

*Gilbert II* at *3 (quoting *Strickland*, 466 U.S. at 694; citations omitted).

The Indiana Court of Appeals reasonably applied this standard when it held that trial counsel did not perform deficiently by strategically choosing to 1) not seek inclusion of lesser offense instructions, 2) not move to strike testimony where defense objections were sustained, 3) not further argue a hearsay objection in front of the jury after the arguments had previously been denied by the judge, and 4) not object when a witness referred to the photographs in the array shown to him by police as "mug shots." *Id*. at *4-7. Trial counsel's strategic decisions are "virtually unchallengeable" when, as here, there is no allegation that the strategy was based on a failure to investigate. *Strickland*, 466 U.S. at 691. Counsel's strategy of avoiding excessive objections, particularly when objecting would have called additional attention to testimony that was otherwise inconsequential, was reasonable.

As to counsel's failure to seek instructions for lesser-included offenses, trial counsel testified at the post-conviction hearing that Gilbert's theory of self-defense would have been weakened, and perhaps contradicted, by the inclusion of lesser-included charges of voluntary manslaughter and reckless homicide.[2] (Dkt. 9-7 at 10-11.) Not seeking those instructions was a reasonable trial strategy.

The Indiana Court of Appeals also concluded that trial counsel's failure to object to a witness' testimony about being threatened by two men when neither man was identified as Gilbert was not deficient performance, and if it was, then it was not prejudicial. The court reasoned that the testimony was admissible as evidence of motive if the threat was attributable to Gilbert. And

---

[2] Counsel also testified that although Gilbert's file had been lost and counsel had no independent memory of their pretrial discussions on lesser-included instructions, it was his practice to ask his clients whether they wanted to pursue an all-or-nothing strategy or ask for lesser-included instructions. (Dkt. 9-7 at 9-10.)

7

if the testimony was that someone other than Gilbert made the threat, then such testimony was not prejudicial to him. *Gilbert II* at *5-6.

"Because a state trial court's evidentiary rulings . . . turn on state law, these are matters that are usually beyond the scope of federal habeas review." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). That is the case here. And because the state court held that Gilbert failed to show that an objection to this evidence would have been sustained, it was reasonable to conclude that counsel's failure to raise a losing objection did not constitute deficient performance. The Seventh Circuit has long held that "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

The Indiana Court of Appeals' decision on the alleged instances of ineffective assistance of counsel was not unreasonable, and Gilbert is not entitled to relief on this ground.

**C.      Cumulative Prejudice**

Finally, the Indiana Court of Appeals held that it did not need to address Gilbert's cumulative prejudice argument because the court "conclude[d] that in each instance counsel's performance was not deficient or, if in error, did not prejudice the defendant." *Gilbert II* at *2, n.3. While this is not an entirely accurate statement of the law on cumulative prejudice, the Indiana Court of Appeals' decision was not unreasonable in this case because it decided each alleged instance of ineffective assistance of counsel on the deficient performance prong and found that none were actual instances of deficient performance.

If a court determines that more than one of the petitioner's claims fails due to a lack of prejudice, the court must then assess whether the potential prejudice from each of those instances combined would reach *Strickland*'s prejudice threshold. *See, e.g.*, *Harris v. Thompson*, 698 F.3d

8

609, 648 (7th Cir. 2012) ("The question is whether counsel's entire performance . . . prejudiced [the petitioner]. By analyzing each deficiency in isolation, the [state] appellate court clearly misapplied the *Strickland* prejudice prong."). Here, the Indiana Court of Appeals analyzed each allegation of ineffective assistance of counsel on the deficient performance prong and found no deficiencies. Thus, there were no errors to compile for a cumulative prejudice analysis. Gilbert is not entitled to relief on this ground.

## IV. **CERTIFICATE OF APPEALABILITY**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a petitioner's claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could disagree that Gilbert procedurally

defaulted his double jeopardy claim and that the Indiana Court of Appeals reasonably applied federal law when deciding his remaining claims.  Therefore, a certificate of appealability is **denied**.

## V.  CONCLUSION

Gilbert's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Dkt. [2]), is **DENIED**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date:  2/12/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daryl Gilbert, #998389
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL'S OFFICE
jesse.drum@atg.in.gov